[No. 17999-7-II.    Division Two.    July 12, 1996.]

RICHARD E. LINDBERG, ET AL., *Appellants*, v. KITSAP COUNTY, *Respondent*.

568

*Richard E. Lindberg* and *Evelyn C. Lindberg*, pro se.

*Russell D. Hauge, Prosecuting Attorney*, and *Pamela B. Loginsky, Deputy*, for respondent.

TURNER, J. — The Kitsap County Department of Community Development denied Evelyn and Richard Lindberg's request to photocopy site and drainage plans for proposed residential developments, contending that federal copyright law prohibited reproduction of the requested material. The Lindbergs sued under the Public Records Act to obtain the documents. The trial court ordered the County to permit photocopying of the docu-

ments, and awarded the Lindbergs a total of $1,110.00 in costs and statutory penalties. The Lindbergs contend on appeal that the trial court erred in failing to award greater penalties. The County cross-appeals the order compelling it to release the documents for copying. We affirm the trial court's order but remand for recalculation of the statutory penalty award.

## FACTS

In the Fall of 1993, Evelyn Lindberg and her father, Richard Lindberg, requested from the Kitsap County Department of Community Development copies of certain site, drainage, and erosion control plans for several proposed residential developments.[1] These documents were submitted to the County between 1987 and 1993 as part of the platting application process.

The Lindbergs needed the documents to prepare comments for public hearings on the projects. Mr. Lindberg, an experienced civil engineer, told the County that he intended to "check site conditions against drawings, therefore, merely reviewing copies of the documents at your office is unsatisfactory."

The County permitted the Lindbergs to inspect the documents, but refused to provide photocopies, stating that to do so would violate federal copyright law.[2] The Lindbergs disagreed with the County's determination and sued the County under the Public Records Act, RCW 42.17.340(1).[3] They also sought costs and statutory penalties.

---

[1]Beginning on October 8, 1993, Richard Lindberg made written requests to copy certain maps and diagrams describing drainage, site, planting, grading and erosion control plans for three different proposed developments. Evelyn Lindberg made oral requests beginning around September 15, 1993, for various site, planting and drainage plans for at least two developments.

[2]As support for this proposition, Mr. Lindberg was given a copy of a 1991 memo captioned "Copying of Public Records" prepared by a Deputy Kitsap County Prosecuting Attorney. Clerk's Papers at 25–28.

[3]RCW 42.17.340(1) provides:

Upon the motion of any person having been denied an opportunity to inspect or copy a public record by an agency, the superior court in the county in which

On December 23, 1993, the trial court ordered the County to allow the Lindbergs to copy the requested documents.[4] At a later hearing, the trial court awarded the Lindbergs costs and statutory penalties totaling $1,110.00.[5] The Lindbergs appeal the amount awarded and the County cross-appeals the order compelling it to release the documents for copying.

## ANALYSIS

### Preemption by Federal Copyright Law

■ We review de novo agency actions challenged under the Public Records Act. RCW 42.17.340(3). The County does not dispute that the plans sought are "public records" within the meaning of the Public Records Act, RCW 42.17.250-.348, or that the County and its Department of Community Development (DCD) are "agencies" within the meaning of the statute.

---

a record is maintained may require the responsible agency to show cause why it has refused to allow inspection or copying of a specific public record or class of records. The burden of proof shall be on the agency to establish that refusal to permit public inspection and copying is in accordance with a statute that exempts or prohibits disclosure in whole or in part of specific information or records.

[4]The order specified that the documents were to be copied for the purpose of "preparing for, and commenting on, the development proposals at the appropriate public hearings and any appeals."

[5]The Judgment entered January 21, 1994, stated:

#### III. Findings of Fact

1. Kitsap County did not act in bad faith in not providing Plaintiffs with copies of certain requested documents on file with the Kitsap County Department of Community Development.

2. Plaintiffs expended costs as itemized in the Judgment Summary, and the Plaintiffs' Declaration of Costs Incurred and Award Claimed, in bringing this action.

3. An award is appropriate in this case.

#### IV. Conclusions of Law

1. Plaintiffs expenses of $602.30 are reasonable costs incurred in obtaining relief in this action, and should be awarded to them.

2. An additional award of $507.70 against the County is appropriate under the circumstances.

■■ RCW 42.17.260(1) requires an agency to make public records available for copying unless a statute exempts disclosure.[6] Because an agency refusing disclosure of public records has the burden of showing that an exemption applies, the County has the burden of proving its argument that federal copyright law[7] preempts the Public Records Act. RCW 42.17.340(1). Further, "there is a strong

---

[6]"Each agency . . . shall make available for public inspection and copying all public records, unless the record falls within the specific exceptions of . . . [a] statute which exempts or prohibits disclosure of .specific information or records." RCW 42.17.260(1).

[7]Sections of Federal Copyright law that we consider for purposes of our analysis are:

17 USC § 101. Definitions

Except as otherwise provided in this title, as used in this title, the following terms and their variant forms mean the following:

. . . .

An "architectural work" is the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features.

. . . .

"Copies" are material objects, other than phonorecords, in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. . . .

. . . .

"Pictorial, graphic, and sculptural works" include two-dimensional and three-dimensional works of fine, graphic, and applied art, . . . maps, globes, charts, diagrams, models, and technical drawings, including architectural plans. . . .

. . . .

"Publication" is the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication. A public performance or display of a work does not of itself constitute publication.

17 USC § 106. Exclusive rights in copyrighted works

Subject to sections 107 through 120, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:

(1) to reproduce the copyrighted work in copies or phonorecords;

(2) to prepare derivative works based upon the copyrighted work;

presumption against finding preemption in an ambiguous case and the burden of proof is on the party claiming preemption." *Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 327, 858 P.2d 1054 (1993) (citation omitted).

██ Here, the County failed to show that federal copyright law exempted its duty of public disclosure under RCW 42.17.250. The Lindbergs correctly argue that we need not consider preemption if there was no violation of the Copyright Act under the doctrine of fair use. The fair use doctrine developed at common law and is now codified at 17 U.S.C. § 107. Fair use confers an equitable "privilege in others than the owner of a copyright to use the copyrighted material in a reasonable manner without [the owner's] consent, notwithstanding the monopoly granted to the owner." *Marcus v. Rowley*, 695 F.2d 1171, 1174 (9th Cir. 1983) (quotations omitted). To determine whether the fair use doctrine applies, a court evaluates the nature of the copyrighted work, the purpose and character of the use, the amount and substantiality of the work used, and

---

(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending . . . .

17 USC § 107. Limitations on exclusive rights: Fair use

Notwithstanding the provisions of sections 106 and 106A, the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, *is not an infringement of copyright.* In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use upon the potential market for or value of the copyrighted work. The fact that a work is unpublished shall not itself bar a finding of fair use if such finding is made upon consideration of all the above factors.

the use's effect upon the potential market for the work.[8] It "is an equitable rule of reason . . . and each case raising the question must be decided on its own facts." *Key Maps, Inc. v. J.J. Pruitt*, 470 F. Supp. 33, 37 (S.D. Tex. 1978) (citation omitted).

Relying on *Walt Disney Prod. v. Air Pirates*, 581 F.2d 751 (9th Cir. 1978), *cert. denied*, 439 U.S. 1132 (1979), the County argues that the "fair use" exception does not apply when complete copying of the work occurs. The County agrees that the Lindbergs may use a copy of the plans to critique a proposal without violating the copyright laws, but argues that they are not entitled to a complete copy of the work. The Lindbergs argue that complete copying of the work is not dispositive of a fair use claim.

If a document is copied in its entirety, we initially presume that the fair use doctrine does not apply; but this presumption does not bar a finding of fair use. *See Walt Disney Prod.*, 581 F.2d at 756-57; *American Geophysical Union v. Texaco, Inc.*, 60 F.3d 913, 916-18 (2d Cir. 1994). "The court should evaluate an act of wholesale copying in light of the nature of the work and the potential for actual harm to plaintiff." *Hustler Magazine, Inc. v. Moral Majority, Inc.*, 606 F. Supp. 1526, 1537 (C.D. Cal. 1985), *aff'd*, 796 F.2d 1148 (9th Cir. 1986).

Here, the trial court weighed the factors under 17 U.S.C. § 107 and determined that the fair use doctrine applied. The trial court noted that these site-specific documents were prepared for a public comment process and were voluminous, making it very difficult for someone to prepare for a hearing without a copy of the plans to take on site. The trial court noted the noncommercial purpose of the copying, and a lack of impact on marketability and value of the work.

The trial court correctly found that the Lindbergs'

---

[8]*See Religious Technology Ctr. v. F.A.C.T.Net, Inc.*, 901 F. Supp. 1519, 1525 (D. Col. 1995); *Key Maps, Inc. v. J.J. Pruitt*, 470 F. Supp. 33, 37-38 (1978) (given the public purpose, it is fair use to copy fire maps).

request constituted a fair use of the material.[9] The County failed to meet its burden of showing that an exemption to the Public Records Act applied.

The trial court also decided that, even if the documents were not within the fair use exception, copyright protection was waived. The documents were submitted to a public body subject to the Public Records Act for the purpose of a public hearing. We need not decide the waiver issue because we affirm the trial court's determination that the fair use doctrine exempted the documents from copyright protection.

## Award of Fees and Statutory Penalties

The Public Records Act provides for an award of costs, attorney fees, and a statutory penalty of $5 to $100 per day to a requestor who is wrongfully denied access. RCW 42.17.340(4). This penalty is intended to encourage broad disclosure and to deter agencies from improperly denying access to public records. *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 140, 580 P.2d 246 (1978). Penalties need not be grounded upon a finding that the agency acted in bad faith. A statutory award is appropriate whenever a governmental agency has acted unreasonably in denying full disclosure. *Doe I v. Washington State Patrol*, 80 Wn. App. 296, 302, 908 P.2d 914 (1996). The court reviews the amount of penalties under the abuse of discretion standard. *Progressive Animal Welfare Soc'y v. University of Wash.*, 114 Wn.2d 677, 683-84, 790 P.2d 604 (1990) (*PAWS I*).

The Lindbergs argue that their claims should not be treated together or as overlapping. The statute specifies that "it shall be within the discretion of the court to award . . . [*any person* who prevails against an agency] an amount not less than [$5] and not to exceed [$100] for each day that he was denied the right to inspect or copy

---

[9]We make no judgment whether the plans or documents in question were, in fact, copyrighted. They are not part of the record.

*said public record."* RCW 42.17.340(4) (emphasis added); "Public record" is defined as *"any writing* containing information relating to the conduct of government or the performance of any governmental or proprietary function prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." RCW 42.17.020 (27) (1994) (emphasis added). The statutory use of singular phrasing is significant. *See In re Guardianship 'of Way,* 79 Wn. App. 184, 189, 901 P.2d 349 (1995), *review denied,* 128 Wn.2d 1014 (1996); *Washington Mut. Savings Bank v. Department of Revenue,* 77 Wn. App. 669, 679, 893 P.2d 654 (1995).

The trial court exercised its discretion to award a penalty, saying: "$1,110.00 and that's a combination of attorney fees and . . . award of some penalties." Having exercised its discretion to award penalties, the trial court is required to award penalties of "not less than $5, and not more than $100 for each day." *Progressive Animal Welfare Soc'y v. University of Washington,* 125 Wn.2d 243, 271–72, 884 P.2d 592 (1994) (PAWS II). In addition to their mandatory award for costs and attorney fees, Ms. Lindberg and her father are each entitled to a statutory penalty award for each record they requested, from the date he or she first requested it until the December 23, 1993 judgment in their favor. Costs and attorney fees are also available to them on appeal. *See PAWS I,* 114 Wn.2d at 690-91; RCW 42.17.340(4); RAP 18.1(i).

We affirm the trial court's order compelling the County to release the requested documents for copying, and the award of costs. We remand, however, for a recalculation of statutory penalties. Because the Lindbergs have prevailed in this action, we further direct the trial court to include an award for their attorney fees and costs on appeal.

HOUGHTON, A.C.J., and BRIDGEWATER, J., concur.

Review granted at 130 Wn.2d 1025 (1997).