[No. 64460-8. En Banc.]
Argued June 10, 1997. Decided November 26, 1997.

RICHARD E. LINDBERG, ET AL., *Respondents*, v. KITSAP COUNTY, *Petitioner*.

*Russell D. Hauge, Prosecuting Attorney*, and *Pamela B. Loginsky, Deputy*, for petitioner.

*Richard E. Lindberg* and *Evelyn C. Lindberg*, pro se.

SMITH, J. — Petitioner Kitsap County seeks review of a decision of the Court of Appeals, Division II, which affirmed a decision of the Kitsap County Superior Court directing the County to permit copying of site and drainage engineering drawings for proposed residential developments and remanding for recalculation of the statutory penalties for wrongful withholding of public records and awarding of attorney fees and costs on appeal under the Public Records section of the Public Disclosure Act, RCW 42.17.250-.348. We granted review. We affirm, but reverse on the matter of recalculation of statutory penalties.

## QUESTIONS PRESENTED

The questions presented in this case are (1) whether the trial court's order under the Public Disclosure Act directing copying of documents filed with Kitsap County should be reversed because the copyright owners of the documents were not made parties to the lawsuit; (2) whether a public agency may properly inquire into the purposes of a record request under the Public Disclosure Act for copying documents to determine whether copyright to those documents may be violated; (3) whether, under the Public Disclosure Act, a public agency may condition access to a public record upon a requester's promise the document will be used only in a "fair use" manner; and (4) whether the statutory penalty for wrongful withholding of public records under the Public Disclosure Act should be imposed by the trial court in this case.

## STATEMENT OF FACTS

Respondents Richard E. Lindberg and his daughter, Evelyn C. Lindberg, acting pro se, by a show cause motion in

the Kitsap County Superior Court on December 12, 1993 sought copies of certain site, drainage, and erosion control plans for proposed residential developments—Mosher Creek Mobile Home Park/Silverdale Mobile Estates, Grand Pine and Mosher Creek Planned Unit Developments, located in the Tracyton area of Central Kitsap County—from the Kitsap County Department of Community Development[1] under the Public Records section of the Public Disclosure Act, RCW 42.17.260(1) and RCW 42.17.320(1).[2]

The specified documents were prepared by Pac-Tech Engineering of Bremerton, Washington and S. M. Hasan.[3] They were submitted to Kitsap County between 1987 and

---

[1]Clerk's Papers at 4-5.

[2]RCW 42.17.260(1) provides: "(1) Each agency, in accordance with published rules, shall make available for public inspection and copying all public records, unless the record falls within the specific exemptions of subsection (6) of this section, RCW 42.17.310, 42.17.315, or other statute which exempts or prohibits disclosure of specific information or records.

". . . .

"(6) A public record may be relied on, used or cited as precedent by an agency against a party other than an agency and it may be invoked by the agency for any other purpose only if—

"(a) It has been indexed in an index available to the public; or

"(b) Parties affected have timely notice (actual or constructive) of the terms thereof."

RCW 42.17.270 provides: "Public records shall be available for inspection and copying, and agencies shall, upon request for identifiable public records, make them promptly available to any person. Agencies shall not distinguish among persons requesting records, and such persons shall not be required to provide information as to the purpose for the request except to establish whether inspection and copying would violate RCW 42.17.260(5) or other statute which exempts or prohibits disclosure of specific information or records to certain persons. Agency facilities shall be made available to any person for the copying of public records except when and to the extent that this would unreasonably disrupt the operations of the agency. Agencies shall honor requests received by mail for identifiable public records unless exempted by provisions of this chapter."

RCW 42.17.280 provides: "Public records shall be available for inspection and copying during the customary office hours of the agency, the office of the secretary of the senate, and the office of the chief clerk of the house of representatives[.]"

[3]Clerk's Papers at 23.

1993 as part of the platting application process.[4] The documents on file are voluminous and cannot conveniently be used by Respondents to prepare their presentations for a public hearing.[5]

Respondent Richard E. Lindberg made written requests for copies of the plans on file with Kitsap County on October 8, 1993, November 9, 1993, and December 2, 1993 to Ron Perkerewicz, Director of the Kitsap County Department of Community Development.[6] Respondent Evelyn C. Lindberg made 10 visits to the office of the Department of Community Development between September 15, 1993 and November 1, 1993 asking for copies of the documents, but her requests were denied without explanation.[7] Respondents wanted the documents to prepare their presentations for public hearings on the projects and to check the actual site, drainage and erosion conditions against the drawings on file.[8] Throughout these proceedings Respondents have appeared pro se.

Petitioner Kitsap County did not answer Respondents' requests until December 10, 1993. Robert Heins, Planner for the Kitsap County Department of Community Development, wrote a letter to Respondent Richard E. Lindberg informing him the Department had been advised by the Kitsap County Prosecuting Attorney that all engineering documents stamped by a licensed professional engineer are copyrighted and copies of the requested plans could not be made without permission of the copyright owners.[9] Respondents were advised they could have access to and inspect the documents, but that Kitsap County could not copy or authorize copying of copyrighted documents

---

[4]Clerk's Papers at 5; *See* Verbatim Tr. of Dec. 23, 1993 Show Cause Hr'g at 8, 12.

[5]*See* Verbatim Tr. of Dec. 23, 1993 Show Cause Hr'g at 12.

[6]Clerk's Papers at 6-9.

[7]Clerk's Papers at 5, 10-11.

[8]Clerk's Papers at 6, 18.

[9]Clerk's Papers at 23-24.

without permission of the copyright owners. Respondents were advised that responsibility for obtaining that permission rested with them.

Respondents were given a copy of a 1991 memorandum titled "Copying of Public Records" prepared by the Kitsap County Prosecuting Attorney.[10] The memorandum stated that:

> Although the Washington Public Disclosure Act mandates that all public documents can be inspected and/or photocopied, the Federal Copyright Act preempts the state law. Generally, copyrighted documents cannot be photocopied without the express written permission of the owner of the copyright.
>
> What makes these documents [Engineer analysis, Engineer blueprinted plans, Engineer mylars] special is that they are stamped by a Licensed Professional Engineer and therefore, are presumably copyrighted.

Respondents Richard E. Lindberg and Evelyn C. Lindberg disagreed with the County's determination on the copyright issue and brought this show cause action in the Kitsap County Superior Court to compel Kitsap County to produce the documents for copying under the Public Records section of the Public Disclosure Act, RCW 42.17.340(1) and 42.17.325.[11]

In addition to their request for access to certain documents generally relating to the projects, Respondents

---

[10]Clerk's papers at 25-28.

[11]RCW 42.17.340(1) provides: "Upon the motion of any person having been denied an opportunity to inspect or copy a public record by an agency, the superior court in the county in which a record is maintained may require the responsible agency to show cause why it has refused to allow inspection or copying of a specific public record or class of records. The burden of proof shall be on the agency to establish that refusal to permit public inspection and copying is in accordance with a statute that exempts or prohibits disclosure in whole or in part of specific information or records."

RCW 42.17.325 provides: "Whenever a state agency concludes that a public record is exempt from disclosure and denies a person opportunity to inspect or copy a public record for that reason, the person may request the attorney general to review the matter. The attorney general shall provide the person with his or her written opinion on whether the record is exempt."

specifically requested copies of the following documents by letter dated November 9, 1993:[12]

| | |
|---|---|
| Project: | Grand Pine PUD |
| File# | 864 |
| Plans Requested: | Drainage and Site Plans (4 of 4 pages rcvd by county 9/29/93) |
| Project: | Mosher Creek Park/Silverdale Mobile Estates |
| File#: | 799 |
| Plans Requested: | Revised Schematic Site Plan (re ceived 4/28/87) Grading and Ero sion Control Plan (received 11/11/ 89) Drainage Plan (received 2/24/ 92) Wetlands Delineation Map(s) |

The Kitsap County Superior Court, the Honorable James I. Maddock, on December 23, 1993, after a hearing, granted Respondents' motion and ordered Kitsap County "to supply copies of documents to Respondents to be used for comment during public hearings only."[13] On January 7, 1994, Judge Maddock signed an order providing that Kitsap County[14]

shall immediately make available for copying, at Plaintiff's expense, the documents requested by Plaintiffs pursuant to Chapter 42.17 RCW, specifically, the site, drainage and other plans prepared by professional engineers for the "Grand Pine PUD" and the "Mosher Creek/Silverdale Mobile Estates" development projects.

. . . .

Plaintiffs shall use the copies of the above-mentioned plans only for preparing for, and commenting on, the development proposals at the appropriate public hearings and any appeals.

---

[12] Letter from Richard E. Lindberg to Ron Perkerewicz (Nov. 9, 1993), Clerk's Papers at 8.

[13] Clerk's Papers at 29.

[14] Clerk's Papers at 36-37.

The Court reserves ruling on financial claims of plaintiffs, including claims for costs and fees.

On January 7, 1994, Respondents filed a motion for award of costs and full statutory allowance under RCW 42.17.340(4).[15] Their declaration of costs incurred and award claimed provided:[16]

## II. STATUTORY ALLOWANCE CLAIMED

2.1 The plaintiffs claim $602.30 in total combined expenses incurred in connection with their successful legal action for disclosure of requested public records. The following breakdown of costs are truthful and accurate to the best of the Plaintiff's knowledge.

| | | |
|---|---|---|
| Filing Fee | | $110.00 |
| Legal Consultation | 2 hours at a rate of $125/hr. | $250.00 |
| Photocopying | 473 copies at 10¢/copy | $ 47.30 |
| Transportation | 25 trips x 30 miles at 26¢/ml. | $195.00 |
| Total costs claimed | | $602.30 |

2.2 The Plaintiffs claim the full statutory award available to them in the amount of $21,900. This amount is the maximum penalty of $100 a day available under RCW 42.17.340(4) for the 219 total days that Plaintiff Evelyn C. Lindberg and Plaintiff Richard E. Lindberg were separately denied full disclosure of requested public records. The following accounting of days involved are truthful and accurate to the best of Plaintiffs knowledge. December 23, 1993 was the date a judicial verdict was made in favor of the Plaintiffs.

Failure to provide requested plans in violation of RCW 42.17.260

---

[15]RCW 42.17.340(4) provides: "Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, it shall be within the discretion of the court to award such person an amount not less than five dollars and not to exceed one hundred dollars for each day that he was denied the right to inspect or copy said public record."

[16]Clerk's Papers at 33.

1) Letter from Richard E. Lindberg dated Oct. 8, 1993 and oral requests made on or prior to this date (Mosher Creek file).

Oct. 8, 1993 to Dec. 23, 1993 for a total of 76 days

2) Letter from Richard E. Lindberg dated Nov. 9, 1993 (Grand Pine and Silverdale Mobile Estates files)

Nov. 9, 1993 to Dec. 23, 1993 for a total of 44 days

3) Oral requests made by Evelyn C. Lindberg beginning on or before Sept. 15, 1993 (various files)

Sept. 15, 1993 to Dec. 23, 1993 for a total of 99 days

Total days involved                          219 days

Total statutory award claimed (219 days @ $100/day)
                                        =    $21,900

Combined total disbursements and awards claimed by Plaintiffs Richard E. Lindberg and Evelyn C. Lindberg
                                        =    $22.502.30

On January 21, 1994, Judge Maddock entered an order as follows:[17]

## I. JUDGMENT SUMMARY

Judgment Creditors    Richard E. Lindberg
                      Evelyn C. Lindberg

---

[17]Clerk's Papers at 46-48.

Attorney for creditor   Pro se
Judgment Creditor     Kitsap County
Amount of Judgment   $507.70
Interest on Judgment   $  0.00
Costs                   $602.30

Total                   $1,110.00

. . . .

## III. FINDINGS OF FACT

1. Kitsap County did not act in bad faith in not providing Plaintiffs with copies of certain requested documents on file with the Kitsap County Department of Community Development.

2. Plaintiffs expended costs as itemized in the Judgment Summary, and the Plaintiffs' Declaration of Costs Incurred and Award Claimed, in bringing this action.

3. An award to Plaintiffs is appropriate in this case.

## IV. CONCLUSIONS OF LAW

1. Plaintiffs expenses of $602.30 are reasonable costs incurred in obtaining relief in this action, and should be awarded to them.

2. An additonal [sic] award of $507.70 against the County is appropriate under the circumstances.

## V. ORDER AND JUDGMENT

It is hereby ordered that Plaintiffs Richard E. Lindberg and Evelyn C. Lindberg shall have judgment against Defendant Kitsap County in the amount of $1,110.00.

Respondents appealed the judgment of $1,110.00 to the Court of Appeals, Division II, contending the trial court

abused its discretion by not imposing a statutory penalty against Petitioner Kitsap County in the amount they requested for wrongful withholding of public records. Petitioner cross-appealed the order of the trial court which directed it to make the documents available to Respondents for copying.

On July 12, 1996, the Court of Appeals, the Honorable John E. Turner writing, affirmed the order directing Petitioner to make the documents available for copying and remanded the case to the Superior Court for recalculation of statutory penalties.[18] The Court of Appeals determined that Respondents' request for copyrighted material constituted "fair use" under the Public Disclosure Act and Petitioner had not met its burden to show an applicable exception under the Public Records section of the Act.[19]

Petitioner Kitsap County sought review by this Court of the decision of the Court of Appeals. We granted review on January 7, 1997.

## DISCUSSION

Petitioner Kitsap County contends the trial court did not have jurisdiction to hear Respondents' complaint because they did not join an indispensable party to the lawsuit.[20] Petitioner relies upon *Weisberg v. United States Department of Justice*[21] for the proposition that federal law establishes that a copyright holder is an indispensable party when a citizen brings an action under the Freedom of Information Act (FOIA)[22] because the government runs a substantial risk of incurring inconsistent obligations between the Freedom of Information Act action and a pos-

---

[18]*Lindberg v. Kitsap County*, 82 Wn. App. 566, 919 P.2d 89 (1996), *review granted*, 130 Wn.2d 1025 (1997).

[19]There is no evidence in the record to clearly establish a claim of copyright, but all parties and the courts assumed its existence.

[20]Superior Court Civil Rules (CR) 12(b)(7) and 19.

[21]631 F.2d 824 (D.C. Cir. 1980).

[22]5 U.S.C. § 552.

sible copyright infringement action by the copyright holder.

Petitioner relies upon *Dawson v. Daly*[23] and *Hearst Corporation v. Hoppe*[24] in urging that the *Weisberg* ruling applies in this case because the Public Records section of the Public Disclosure Act parallels the FOIA and decisions under that Act are persuasive precedent in public disclosure actions under Washington statutes. Petitioner argues that because Respondents did not join the copyright owners of the requested documents as necessary parties, the trial court did not have jurisdiction over the matter and the case should be dismissed. Respondents contend the burden is on Petitioner to raise the defense of indispensable parties at trial, but that Petitioner Kitsap County did not do so, and raises it for the first time before this Court.

Section 102(a) of the Copyright Act, adopted under authority of Article I, Section 8 of the United States Constitution, granted Congress the power to give authors exclusive rights to their writings, including architectural works.[25] Section 106 of the Act grants to the copyright holder a variety of exclusive rights in the copyrighted work, including the right to "reproduce the copyrighted

---

[23]120 Wn.2d 782, 845 P.2d 995 (1993).

[24]90 Wn.2d 123, 580 P.2d 246 (1978).

[25]17 U.S.C.A. § 102(a) (West 1996) provides: "Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Works of authorship include the following categories:

"(1) literary works;

"(2) musical works, including any accompanying words;

"(3) dramatic works, including any accompanying music;

"(4) pantomimes and choreographic works;

"(5) pictorial, graphic, and sculptural works;

"(6) motion pictures and other audiovisual works;

"(7) sound recordings; and

"*(8) architectural works.*"

(Emphasis added.)

work in copies."[26] The primary purpose of copyright is to stimulate the creation and dissemination of intellectual works and a granting of exclusive rights to authors. It also gives the authors the reward due them for their contribution to society and compensates them for their labor and their contributions.[27] The exclusive rights of copyright owners under the Copyright Act are provided in 17 U.S.C. § 106.

The documents pertinent to this case are covered in the definitions section of the Copyright Act under 17 U.S.C. § 101 as follows:

> Except as otherwise provided in this title, as used in this title, the following terms and their variant forms mean the following:
>
> . . . .
>
> An "architectural work" is the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features.
>
> . . . .
>
> "Copies" are material objects, other than phonorecords, in which a work is fixed by any method now known or later developed, and from which the work can be perceived,

---

[26]17 U.S.C.A. § 106(1) (West 1996) provides: "Subject to sections 107 through 120, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:

"(1) to reproduce the copyrighted work in copies or phonorecords;

"(2) to prepare derivative works based upon the copyrighted work;

"(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

"(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly; and

"(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly."

[27]*Leon v. Pacific Tel. & Tel. Co.*, 91 F.2d 484 (9th Cir. 1937).

reproduced, or otherwise communicated, either directly or with the aid of a machine or device . . . .

. . . .

"Pictorial, graphic, and sculptural works" include two-dimensional and three-dimensional works of fine, graphic, and applied art, . . . maps, globes, charts, diagrams, models, and technical drawings, including architectural plans. . . .

. . . .

"Publication" is the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication. A public performance or display of a work does not of itself constitute publication.

■■ Copyright holders are entitled to protection under sections 107 through 118 of the Act. Section 107 announces the "fair use" exception and provides:

Notwithstanding the provisions of sections 106 and 106A, the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

4) the effect of the use upon the potential market for or value of the copyrighted work.

"Fair use" is the only exception to the copyright owner's

exclusive rights in a work.[28] The doctrine of fair use, originally created and explained in case law, permits courts to avoid rigid application of the copyright statute when such applications would stifle the creativity the copyright law is designed to foster.[29] This protection has never afforded the copyright owner complete control over all possible uses of a work. Any person may reproduce a copyrighted work for "fair use." The copyright owner does not possess the exclusive right to such a use.[30]

The "fair use" doctrine is an equitable rule of reason and each case must be decided on its facts.[31] A court must consider the purpose and character of the use, the nature of the copyrighted work, the amount and substantiality of the portion used in relation to the copyrighted work as a whole, and the effect of the use on the potential market for or the value of the copyrighted work.[32] The scope of the doctrine is wider when the use relates to issues of public concern.[33] The public benefit resulting from the particular use of copyrighted work need not necessarily be direct or tangible, but may arise because the challenged use serves a public interest.[34] The copyrighted work used for such purposes as criticism, news reporting, teaching, scholarship, or research are given more latitude.[35]

The indispensable party doctrine is not jurisdic-

---

[28]*See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 114 S. Ct. 1164, 127 L. Ed. 500 (1994).

[29]*Iowa State Univ. Research Found., Inc. v. American Broad. Cos.*, 621 F.2d 57 (2d Cir. 1980).

[30]*Sony Corp. v. Universal City Studios*, 464 U.S. 417, 104 S. Ct. 774, 78 L. Ed. 2d 574 (1984).

[31]*Robinson v. Random House, Inc.*, 877 F. Supp 830 (S.D.N.Y. 1995).

[32]*Twin Peaks Prod., Inc. v. Publications Int'l, Ltd.*, 996 F.2d 1366 (2d Cir. 1993).

[33]*National Rifle Ass'n v. Handgun Control Fed'n*, 15 F.3d 559 (6th Cir. 1994).

[34]*Sega Enters., Ltd. v. Accolade, Inc.*, 977 F.2d 1510 (9th Cir. 1992).

[35]*Robinson v. Random House, Inc.*, 877 F. Supp 830 (S.D.N.Y. 1995).

tional, but founded on equitable considerations.[36] When a complete determination of a controversy cannot be made without the presence and participation of other parties than those already in a case, it is mandatory that they be joined in the action. When a complete determination can be made without those other parties, it is within the discretion of the court to allow them to be joined.[37] Persons who may be involved in the subject matter of an action are not necessary parties where no recovery is sought against them and they would not be prejudiced by the judgment.[38]

■ Respondents requested copies of engineering drawings to be used by them in preparation for their comments and criticism on the residential development proposals in public hearings and appeals. The privilege of copying copyrighted documents is limited to their use in a fair and reasonable manner.[39] A copyright interest in the documents does not of itself make the owner an indispensable party to a lawsuit demanding under a public disclosure statute the right to have copies or to make copies of them.

Petitioner Kitsap County contends it cannot consider whether Respondents' requests will meet the "fair use" exception under the federal Copyright Act because it is prohibited by RCW 42.17.270 from inquiring how Respondents would use the copies. Petitioner argues the federal Copyright Act conflicts with the Public Records section of the Washington Public Disclosure Act and the conflict must be resolved in favor of copyright protection.

■ Respondents rely upon *Inlandboatmen's Union v.*

---

[36]*Cathcart-Maltby-Clearview Community Council v. Snohomish County*, 96 Wn.2d 201, 634 P.2d 853 (1981).

[37]*Williams v. Poulsbo Rural Tel. Ass'n*, 87 Wn.2d 636, 555 P.2d 1173 (1976); *State ex rel. Continental Cas. Co. v. Superior Court*, 33 Wn.2d 839, 207 P.2d 707 (1949).

[38]*In re Estate of Wilson*, 50 Wn.2d 840, 315 P.2d 287 (1957).

[39]*Fisher v. Dees*, 794 F.2d 432 (9th Cir. 1986).

*Department of Transportation*[40] for the proposition that the federal Copyright Act does not conflict with nor preempt Washington's Public Disclosure Act. Respondents argue Petitioner has not shown it qualifies for an exception under the Act. This is an issue raised for the first time on appeal and which does not involve fundamental rights. It need not be considered by this Court and we do not.[41]

Petitioner Kitsap County contends the trial court does not have authority to put a "fair use" restriction on the materials under the Public Disclosure Act. It argues the trial court erred in determining the controlling factor was Respondents' use instead of accepting Petitioner's reasons for denying Respondents the right to copy the requested documents. This is an issue raised for the first time on appeal and which does not involve fundamental rights. It need not be considered by this Court and we do not.[42]

■ ■ Respondents ask this Court to determine the penalty to be imposed instead of remanding to the trial court for determination. The Public Records Act gives the trial court discretion to award costs, attorney fees, and a statutory penalty of $5.00 to $100.00 for each day a requester is "denied the right to inspect or copy [a] public record" to which the requester is entitled.[43] This penalty is intended to encourage broad disclosure and to deter agencies from improperly denying access to public records.[44] The trial court exercised its discretion in awarding a judgment for $507.70 and costs of $602.30. The order did not otherwise specify the basis for the award, although the court did indicate the award of $1,110.00 was "a combina-

[40]119 Wn.2d 697, 836 P.2d 823 (1992).

[41]*Fuqua v. Fuqua*, 88 Wn.2d 100, 558 P.2d 801 (1977).

[42]*Id.*

[43]RCW 42.17.340(4).

[44]*Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 580 P.2d 246 (1978).

tion of attorney fees and . . . award of some penalties."[45] This was within the discretion of the trial court. There is no evidence of abuse of that discretion. The Court of Appeals, Division II, was in error in remanding the case to the trial court for recalculation of statutory penalties for Respondents, but was not in error in remanding for determination of Respondents' attorney fees and costs on appeal.

The claim of Respondents that they are entitled to statutory penalties for 219 days at $100.00 per day for a total of $21,900.00 is negated by the finding of the trial court that Kitsap County did not act in bad faith in denying Respondents copies of, or permission to copy, documents which the County, relying upon advice of its legal counsel, reasonably believed were restricted by the federal Copyright Act. The discretionary award by the trial court of $1,110.00, which included "award of some penalties," was reasonable under the circumstances.

## SUMMARY AND CONCLUSIONS

Persons who may be involved in the subject matter of an action are not necessary parties where they would not be prejudiced by the judgment. Respondents Richard E. Lindberg and his daughter, Ms. Evelyn C. Lindberg, requested copies of engineering drawings from Petitioner Kitsap County to be used by them in preparation for their comments and criticism in public hearings and appeals on proposed residential developments in Kitsap County. The use of the documents for that purpose is a reasonable "fair use" qualifying as an exception to the exclusive right of the copyright owner of the materials.

We affirm the decision of the Court of Appeals, Division II, which affirmed the decision of the Kitsap County Superior Court compelling Petitioner Kitsap County to

---

[45]The trial court indicated $110.00 was for the filing fee, $500.00 was for legal consultation, photocopying and transportation, and $500.00 was for "some penalties," for a total award of $1,110.00. *See* Verbatim Tr. of Jan. 14, 1994 Mot. for Reimbursement and Award Hr'g at 14-15.

make the site and drainage engineering drawings for proposed residential developments available to Respondents Richard E. Lindberg and Evelyn C. Lindberg for copying. We affirm the decision of the Court of Appeals to remand the case for award of attorney fees and costs on appeal, but we reverse that portion of the decision which remanded the case to the trial court for recalculation of statutory penalties.

DOLLIVER, GUY, JOHNSON, and TALMADGE, JJ., concur.

DURHAM, C.J. (concurring in part, dissenting in part) — I agree that the Court of Appeals decision should be affirmed regarding Kitsap County's obligation to allow copying of the engineering plans at issue. The majority, however, erroneously reverses the Court of Appeals order remanding for recalculation of the statutory penalty. Moreover, the majority fails to award the Lindbergs their mandatory costs, including attorney fees, that they are entitled to as the prevailing party in this action. I, therefore, dissent.

The trial court below awarded $1,110, which was "a combination of attorneys fees and . . . award of some penalties."[46] The trial court apportioned $602.30 for costs incurred and "[a]n additonal [sic] award of $507.70 against the County [as being] appropriate under the circumstances."[47] Although the decision to make an award is discretionary, having exercised its discretion, the trial court must award penalties of "not less than five dollars and not to exceed one hundred dollars" for each day that the requested record was withheld.[48] These penalties are strictly enforced to discourage improper denial of access

---

[46]Verbatim Report of Proceedings at 16 (Jan. 14, 1994).

[47]Clerk's Papers at 47.

[48]RCW 42.17.340(4).

to public records.[49] The Court of Appeals correctly held that, upon the trial court's decision to award penalties, the Lindbergs were entitled to an award within the statutory range for each day they were denied the right to copy the engineering plans. The trial court erred by computing the award in a vacuum. In order to comply with the statutory mandate, the trial court should have entered findings regarding the number of days the Lindbergs were denied the right to copy the plans and then applied a multiplier within the statutory range. Having failed to do so, the matter was correctly remanded for recalculation. Although the Lindbergs have asked this court to compute the statutory penalty instead of remanding,[50] the parties dispute the number of days at issue; therefore, remand is necessary to resolve this question of fact. The Court of Appeals decision should be affirmed in its entirety.

Moreover, the Lindbergs have requested costs and attorney fees on review.[51] RCW 42.17.340(4) provides, in part:

> Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record . . . shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action.

We recently held that the award of costs and fees pursuant to this statute is mandatory when a person prevails against an agency in such an action.[52] Therefore, the Lindbergs are entitled to all costs they have incurred in pursuing this action.

ALEXANDER, J., concurs with DURHAM, C.J.

SANDERS, J. (concurring in part, dissenting in part) — I

[49]*Progressive Animal Welfare Soc'y v. University of Wash.*, 125 Wn.2d 243, 271-72, 884 P.2d 592 (1994).

[50]Answer to Pet. for Review at 19.

[51]*Id.*

[52]*Amren v. City of Kalama*, 131 Wn.2d 25, 35, 929 P.2d 389 (1997).

concur in Chief Justice Durham's concurrence/dissent, however, I write separately only to add a further qualification to my concurrence, with her concurrence, in the majority.

Kitsap County essentially defended this Public Disclosure Act action by claiming if it were required to copy and disclose the subject documents at the request of Lindberg, it would risk liability to Pac-Tech Engineering and Hasan for potential copyright infringement. Therefore Kitsap County requested that these persons be made parties to the proceeding to avoid the substantial risk of incurring inconsistent obligations. *Compare Weisberg v. United States Dep't of Justice*, 631 F.2d 824 (D.C. Cir. 1980) (government runs a substantial risk of incurring inconsistent obligations between compliance with the Freedom of Information Act and a possible copyright infringement action brought by the copyright holder).

Notwithstanding, the majority affirms the trial court determination that disclosure must be made under the Public Disclosure Act while denying the motion to join the copyright holders as necessary parties. Furthermore, the majority refrains from determining certain issues raised by Kitsap County for the first time on appeal, affirmatively concluding "[p]ersons who may be involved in the subject matter of an action are not necessary parties where they would not be prejudiced by the judgment." Majority at 747.

Therefore, it must be firmly understood that the copyright holders, who are not parties to this action, cannot and may not be prejudiced by this result. For example should they commence a separate action against parties to this proceeding, or third parties, upon an infringement of copyright claim, nothing in the majority opinion can present any bar to that claim, nor is any issue of fact or law precluded to the prejudice of persons not parties to this proceeding.

MADSEN, J., concurs with SANDERS, J.