IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ASOTIN COUNTY, | ) | |
| | ) | No. 35720-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD EGGLESTON, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — In this lawsuit involving Richard Eggleston's public records request to Asotin County, Mr. Eggleston ultimately received properly redacted attorney invoices. But he received them only after he resisted a county motion that sought in part to withhold the invoices, and only after an unwarranted delay in the county's redaction process.

We agree that as the substantially prevailing party, he was entitled to an award of reasonable attorney fees and costs, and to the court's consideration of his request for per diem penalties. We reverse the court's order denying his fee request and remand for proceedings consistent with this opinion.

No. 35720-1-III
*Asotin County v. Eggleston*

FACTS AND PROCEDURAL BACKGROUND

This case arises out of Richard Eggleston's public record request to Asotin County for "the legal costs incurred by the county relative to any and all legal actions . . . involving me." Clerk's Papers (CP) at 9.[1] At the time, Mr. Eggleston had two cases pending against the county. One sought to recover damages allegedly caused by county road and bridge work taking place near Mr. Eggleston's home. The other was an action under the Public Records Act (PRA), chapter 42.56 RCW, complaining of the county's alleged withholding of documents related to that project.

Mr. Eggleston sent the record request at issue in this appeal to the county by electronic mail, and the county responded with a letter the same day. It stated it had received the request and would "research whether or not these records exist[ ], and if they do, if we are allowed to disclose the records." CP at 89. Mr. Eggleston was told to expect a response within about three weeks.

A couple of weeks later, on August 8, the county moved for and obtained an ex parte order to show cause why production of invoices for attorney fees it had paid in Mr. Eggleston's cases should not be enjoined. Specifically, the county's motion sought an order

> allowing the County withhold the invoices the County has paid to outside counsel in two law suits the Requester, Mr. Eggleston, has pending against

---

[1] The request originally included confusing additional language, but was clarified. *See* Clerk's Papers (CP) at 9, 40.

2

the County . . . and other communications with insurance counsel regarding one of those causes of action, pursuant to RCW 42.56.290, an exemption for agencies that are parties to controversies. . . . In the alternative, the County requests heavy redaction.

CP at 1. In a supporting declaration, the county's lawyer said she was providing the invoices to the court "for *in camera* inspection. If the Court orders any invoices disclosed, the County requests it be allowed to heavily redact the documents and submit them to the Court for approval before providing them to the Requestor." CP at 6.

The order prepared by the county and signed by the court was captioned, "Order to show cause: why attorney invoices for work done in cases initiated by the requestor and requested under the Public Records Act should not be permanently enjoined from disclosure." CP at 19 (some capitalization omitted). It concluded with the statement, "If you fail to appear and defend against this request the court may order grant [sic] all the relief requested in the motion." *Id.* (capitalization and boldface omitted).

Mr. Eggleston responded to the motion through counsel. In his brief he argued that "RCW 42.56.210(1) mandates that records must be disclosed if the agency can protect the intended privacy interest or vital government interest by redacting the exempt information," that "attorney invoices cannot be withheld from disclosure *in their entirety*, but can be redacted if (only if) 'they would reveal an attorney's mental impressions, actual legal advice, theories[,] or opinions, . . . .'" CP at 29, 32 (boldface omitted) (quoting RCW 42.56.904). He stated, "Mr. Eggleston does not object to an *in camera*

3

review; in fact he encourages and requests it." CP at 33. He did object to the county's two-step process of delivering unredacted documents for in camera review before it would provide its proposed redactions. *Id.*

At the hearing on the order to show cause, the county's lawyer explained why the county had provided documents to the court without any proposed redactions:

> I need the Court's guidance here. That's why I came to the Court. I am not as . . . experienced [a] litigator as [defense counsel] or as the Court. I trust the Court's judgment on what constitutes from attorney work product and attorney/client privileges as to these fees. Most expressly, I noted that there were case names in the invoices and bills (inaudible) redacting. So that's what I'm asking the Court here today, Your Honor, is guidance. Is it necessary? May the . . . County redact (inaudible) names, or is it your ruling that they should be given directly to Mr. Eggleston without any redaction? Again, the law in this area is a bit murky.

Report of Proceedings (RP) at 4-5.

Counsel for Mr. Eggleston argued there could be no good faith argument that attorney invoices themselves are privileged documents; at most, they may contain references that are exempt and subject to redaction. He told the court, "We're asking that if there are any legitimate work product or attorney/client confidences that are disclosed in those, let them be redacted, but the rest of the record must be presented." RP at 7. He concluded:

> [T]he simple way to have handled all of this would have been to redact those issues they believed were properly attorney/client privilege and provide a withholding log. That's within the law, and it would have saved everybody a lot of time and money.

4

RP at 8.

The trial court took the matter under advisement, later issuing a ruling that the invoices were subject to an exception from disclosure under RCW 42.56.290, however, "it is incumbent upon the county to provide the Court its requested redactions so that a determination can be made as to whether or not they are justified as work product or privileged information." CP at 42. It set a deadline for submitting any proposed redactions.

The county submitted proposed redactions by the court's deadline and the court found after review that "the County's redactions are very narrowly tailored to prevent the disclosure of only those minimal references from which one could conceivably deduce an attorney's mental impressions, legal advice, theories, or opinions." CP at 45. It ordered the invoices, as redacted, to be produced.

Addressing Mr. Eggleston's request for an award of attorney fees, the court found:

5. . . . [Mr. Eggleston] did not have any motion for affirmative relief before the court seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time. Rather, [Mr. Eggleston] opposed exemption or redaction.

6. [The county] has prevailed with respect to the request to selectively redact.

CP at 45. Based on its findings, it refused to award costs, fees, or penalties. Mr. Eggleston's motion for reconsideration was denied. He appeals.

5

No. 35720-1-III
*Asotin County v. Eggleston*

ANALYSIS

Mr. Eggleston contends the trial court erred in refusing to award him reasonable attorney fees and costs and refusing to consider a per diem penalty. Three issues are presented: whether a record requester must have filed a complaint or motion for affirmative relief in order to be a prevailing party, whether Mr. Eggleston *was* the prevailing party, and whether the court abused its discretion in refusing to consider a penalty award. We address the issues in the order stated.

I. A REQUESTER NEED NOT INITIATE LEGAL ACTION IN ORDER TO BE A PREVAILING PARTY ENTITLED TO FEES UNDER RCW 42.56.550(4)

Whether a record requester must initiate legal action and seek affirmative relief in order to be awarded reasonable attorney fees and costs presents an issue of statutory construction. We review statutory interpretation questions de novo. *In re Det. of Williams*, 147 Wn.2d 476, 486, 55 P.3d 597 (2002). "The court's paramount duty in statutory interpretation is to give effect to the legislature's intent." *In re Pers. Restraint of Nichols*, 120 Wn. App. 425, 431, 85 P.3d 955 (2004). The surest indication of legislative intent is the language enacted by the legislature, so if the meaning of a statute is plain on its face, this court "'give[s] effect to that plain meaning.'" *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005) (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002)). In arriving at that plain meaning, we

6

also consider "all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question." *Gwinn*, 146 Wn.2d at 11.

The county persuaded the trial court that the PRA's attorney fee remedy is "limited to situations where *the requestor commences an action* 'in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time.'" Br. of Resp't at 13 (emphasis added). The PRA does not include the "where the requester commences an action" language; instead, RCW 42.56.550(4) provides:

> Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action.

There is a textual basis for the county's and trial court's construction. The argument can be made that the phrase "seeking the right to inspect or copy . . . or . . . to receive a response" modifies "action in the courts." If so, it is a fair reading that only requester-initiated actions seek the right to inspect, copy, or receive a response—and therefore only requesters in those actions should be awarded their costs, including reasonable attorney fees.

There is a textual basis for a different construction, however, and one that is more consonant with the remaining provisions of RCW 42.56.550 and the purpose of the PRA.

7

Notice that the language in the beginning of the attorney fees provision includes three prepositional phrases: "Any person who prevails *against* an agency *in* any action *in* the courts . . . ." "[A]gainst an agency" modifies "a person who prevails," "in any action" modifies "a person who prevails" and "in the courts" modifies "any action." When we recognize the relationships of the prepositional phrases, we can see that the participial phrase, "seeking the right to inspect or copy . . . or . . . receive a response . . . within a reasonable amount of time" does not modify "action in the courts," which is itself a modifier. Instead, it further modifies the person who prevails and has the characteristics addressed by the prepositional phrases.

This latter construction is more harmonious with the other sections of RCW 42.56.550. The statute—captioned "Judicial review of agency actions"—explicitly authorizes only two types of legal action: a motion to enforce a requester's right to inspect or copy a record, as provided by subsection (1), and a motion to enforce a requester's right to a reasonable estimate of the amount of time or cost of production, as provided by subsection (2). Yet Washington decisions have recognized that agencies and third parties can also have a legitimate interest in initiating judicial review of a disputed PRA issue, and have held that a party can initiate an action using any procedure provided by the civil rules. *See Kittitas County v. Allphin*, 2 Wn. App. 2d 782, 789-93, 413 P.3d 22 (2018) (citing *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 105,

117 P.3d 1117 (2005)), *aff'd*, 190 Wn.2d 691, 416 P.3d 1232 (2018).  In *Allphin*, this court observed that subsection (3) of RCW 42.56.550, which governs how judicial review of agency action is conducted, applies by its terms to "'[j]udicial review of all agency actions taken or challenged under RCW 42.56.030 through 42.56.520,'" regardless of who initiates the action.  2 Wn. App. 2d at 792.  That breadth of subsection (3) of the statute informs the breadth of subsection (4), especially given subsection (4)'s use of the expression "*any* action in the courts" rather than "*an* action in the courts."

It is also more consistent with the policy of the PRA to read the phrase "seeking the right to inspect or copy . . . or . . . to receive a response" as applying to a "person who prevails" rather than to "action in the courts."  "[T]he purpose of the attorney fees provision . . . is to encourage broad disclosure and to deter agencies from improperly denying access to public records." *Confederated Tribes of Chehalis Reservation v. Johnson*, 135 Wn.2d 734, 757, 958 P.2d 260 (1998) (citing *Lindberg v. Kitsap County*, 133 Wn.2d 729, 746, 948 P.2d 805 (1997)).  To construe the attorney fees provision as applying only to requester-initiated litigation would enable agencies to violate the PRA yet avoid liability for fees by winning the race to the courthouse.  It would be a race an agency could always win in withholding cases, since the agency knows before a requester does that it will be withholding records.

The paramount considerations in construing legislation compel the holding that RCW 42.56.550(4) applies to any record requester who successfully enforces his right to receive a response (or a timely response) in court, whether or not he initiated the action.

II.      MR. EGGLESTON PREVAILED ON SUBSTANTIAL ISSUES

"Whether to award costs and attorney fees [under RCW 42.56.550(4)] is a legal issue reviewed de novo." *Sanders v. State*, 169 Wn.2d 827, 866, 240 P.3d 120 (2010). The amount awarded is reviewed for abuse of discretion. *Id.*

Many published decisions address the meaning of "prevail[ing] against an agency" for purposes of the PRA's attorney fees provision. Our Supreme Court's most recent decisions addressing its meaning include *City of Lakewood v. Koenig*, in which the court found a requester to be entitled to an award of fees "[b]ecause the city's response did not meet the requirements of the PRA," 182 Wn.2d 87, 97, 343 P.3d 335 (2014); *Neighborhood Alliance of Spokane County v. Spokane County*, in which the court held that a party's legal action need not have "caused" the disclosure of public records, but instead, "'"'prevailing" relates to the legal question of whether the records should have been disclosed *on request*,'" 172 Wn.2d 702, 726, 261 P.3d 119 (2011) (quoting *Spokane Research*, 155 Wn.2d at 103); and *Yakima County v. Yakima Herald-Republic*, in which the court held that "costs and reasonable attorney fees may be awarded for vindicating the

right to inspect or copy or the right to receive a response," 170 Wn.2d 775, 809, 246 P.3d 768 (2011) (internal quotation marks omitted) (quoting *Sanders*, 169 Wn.2d at 860).

In *Sanders*, 169 Wn.2d at 860, the Supreme Court endorsed the concept that in awarding fees, a trial court should recognize that a PRA lawsuit might present several legal issues and a record requester need not be entirely successful to be entitled to an award of some of his or her attorney fees. The amount awarded can require the trial court to identify which issues are primary and which are secondary in terms of the effort expended, and to identify the extent of a party's success.

We agree with Mr. Eggleston that issues were presented on which he was the prevailing party. One was whether the invoices were entirely exempt. The county soon retreated from its request to "withhold the invoices" and "permanently enjoin[ ] . . . [their] disclosure," but withholding was an alternative remedy requested in the county's motion. CP at 1, 19. Mr. Eggleston was required to respond lest the court "GRANT ALL THE RELIEF REQUESTED IN THE MOTION," as its order to show cause indicated it could do. CP at 19 (boldface omitted).

Under the PRA, the county was not permitted to treat its attorney invoices as entirely exempt. RCW 42.56.904 could hardly be clearer:

> [No] reasonable construction of chapter 42.56 RCW has ever allowed attorney invoices to be withheld in their entirety by any public entity in a request for documents under that chapter. It is . . . the intent of the legislature that specific descriptions of work performed be redacted only if they would reveal an attorney's mental impressions, actual legal advice,

11

theories, or opinions, or are otherwise exempt under chapter 391, Laws of 2007 or other laws, with the burden upon the public entity to justify each redaction and narrowly construe any exception to full disclosure.

Mr. Eggleston prevailed on this issue.

Another issue on which Mr. Eggleston prevailed was whether the county should have engaged in good faith redaction before submitting the invoices to the court for its first in camera review. The trial court properly declined the Asotin County prosecutor's request to provide guidance to the county on what should be redacted. The county cites no authority under which an agency can delay disclosure by delivering its responsive documents to the court with a request that *the court* decide whether exemptions apply, and to what extent. That is the agency's burden. *See* RCW 42.56.520(1) (responses to be made promptly); RCW 42.56.520(4) (denials of requests must be accompanied by a written statement of specific reasons); RCW 42.56.904 (placing "the burden upon the public entity to justify each redaction" in an attorney invoice).

The court reasonably required the county to propose redactions, which the court then reviewed—the procedure advocated for by Mr. Eggleston. Mr. Eggleston prevailed on this issue.

The trial court denied Mr. Eggleston fees because it found that he "opposed exemption or redaction." CP at 45. Mr. Eggleston assigns error to the finding and we agree that it is for the most part not supported by the record. Mr. Eggleston consistently

12

allowed for the possibility that the county's invoices might contain legitimately exempt information. He opposed (1) the county's attempt to enjoin any production and (2) its failure to undertake a good faith effort to redact exempt information until ordered to do so by the court.

To the extent that Mr. Eggleston might have erred in arguing against the application of RCW 42.56.290, the court may reduce the fees, but its award of fees must account for the substantial issues on which Mr. Eggleston prevailed.

III.    THE TRIAL COURT MUST CONSIDER MR. EGGLESTON'S REQUEST FOR AN AWARD OF
        PER DIEM PENALTIES

RCW 42.56.550(4) provides that in addition to awarding costs and reasonable attorney fees to a prevailing record requester, "it shall be within the discretion of the court to award such person an amount not to exceed one hundred dollars for each day that he or she was denied the right to inspect or copy said public record." The trial court's only reference to penalties in its ruling on production/redaction of invoices is that "[N]o costs[,] fees[,] or penalties are imposed at this time." CP at 46. It is apparent that the trial court saw no need to exercise discretion in light of its conclusion that Mr. Eggleston was not a prevailing party.

A trial court abuses its discretion when its decision or order is manifestly unreasonable, exercised on untenable grounds, or exercised for untenable reasons—and untenable reasons include errors of law. *Council House, Inc. v. Hawk*, 136 Wn. App.

13

No. 35720-1-III
*Asotin County v. Eggleston*

153, 159, 147 P.3d 1305 (2006). The trial court's refusal to exercise discretion to consider a penalty based on its mistaken conclusion that Mr. Eggleston had not prevailed was an abuse of discretion. On remand, the trial court is directed to consider Mr. Eggleston's request that it award him a per diem penalty.

Mr. Eggleston requests an award of attorney fees on appeal under RAP 18.1 and RCW 42.56.550(4). We award him reasonable attorney fees and costs subject to his compliance with RAP 18.1(d).

The denial of costs, attorney fees and penalties is reversed and remanded for proceedings consistent with this opinion.

_____
Siddoway, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, A.C.J.

14